UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22153-CIV-MORENO

BIOTANIC, INC. and BIOTANIC, S.A. de C.V.,

    Plaintiff,

vs.

JUAN CARLOS VAZQUEZ, GRUPO CAROSSI SOCIEDAD ANONIMA, MAAT TRADE DEVELOPMENT, APRIL MEDIA CORP., and SUNRISE MEDIA GROUP, INC.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon the Defendants' motion to dismiss Plaintiff Biotanic S.A. de C.V.'s claims for a declaratory judgment (Count VI) and treble damages (Count VII) under the Lanham Act.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiff Biotanic, S.A. de C.V ("Biotanic, SA") alleges that it assigned a trademark to Plaintiff Biotanic, Inc. ("Biotanic, Inc.") pursuant to a contract. In Count VI of their Complaint, both Plaintiffs seek a declaration that the assignment was valid and that Biotanic, Inc. is the sole owner of the trademark as a result of the assignment. According to the Complaint, they require this declaration because the Defendant created ambiguity in the records of the United States Patent and Trademark Office (USPTO) by filing a declaration stating that the assignment was erroneous. In addition, in Count VII, both Plaintiffs seek treble damages for the "Defendants' bad-faith, intentional,

and willful infringement...."

The Defendants argue that Biotanic, S.A.'s claims should be dismissed because Biotanic, S.A. lacks standing to sue as a result of assigning all of its interest in the trademark to Biotanic, Inc. Biotanic, S.A. counters that it still has a right to seek a declaration under the Lanham Act because it has an interest in "adjudicating and protecting its prior title to the mark, its authority to contract with and transfer that mark to [Biotanic, Inc.], and its warranties of such title and transferability."

*Count VI*

At the outset, the Court notes that there is no dispute that Biotanic, S.A. initially owned the mark or that the mark itself is valid. Accordingly, Biotanic, S.A. may not maintain an action for a declaration concerning its prior title to the mark or the validity of the mark itself. The Court also does not find 15 U.S.C. § 1125(a) to be applicable to this claim, as 15 U.S.C. § 1125(a) creates a civil action for the use in commerce of a word, term, name, symbol, or device, or a false designation of origin or description of fact that causes or deceives respecting the affiliation or origin of goods or services or that misrepresents the nature or qualities of goods or services. The term "use in commerce" means the bona fide use of a mark in the ordinary course of trade. 15 U.S.C. § 1127. Section 1125(a) thus does not relate to the validity of a trademark assignment.

This notwithstanding, based on the allegation that the Defendants declared to the USPTO that the assignment of the mark to Biotanic, Inc. was erroneous, there is a real dispute concerning the validity of the assignment of the mark. Accordingly, Biotanic, S.A. has stated a claim for declaratory judgment, but only to the extent it seeks a declaration that its assignment was made in accord with the Lanham Act's requirements.

*Count VII*

In Count VII, Biotanic, S.A. seeks treble damages, costs, and attorney fees pursuant to 15 U.S.C. § 1117, which permits the recovery of treble damages for use of a counterfeit mark and permits the recovery of other damages, attorney fees, and costs in connection with infringement actions and civil actions arising under, *inter alia*, 15 U.S.C. § 1125. However, as Biotanic, S.A. concedes, it is not suing for infringement; it is merely suing for a declaration concerning the validity of its assignment of the mark. Moreover, its claims do not arise under 15 U.S.C. § 1125(a) and this is not an action by Biotanic, S.A. for the use of a counterfeit mark. Accordingly, Biotanic, S.A. has failed to state a claim in Count VII. Accordingly, it is

ADJUDGED that the motion to dismiss is GRANTED in part and DENIED in part. Biotanic, S.A. may maintain its action for declaratory judgment in Count VI for a declaration that its assignment of the mark was valid. Biotanic, S.A.'s claim in Count VII is dismissed with prejudice. It is further

ADJUDGED that the Defendants shall file an answer to the Complaint no later than **July 26, 2010.**

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of July, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record